IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>INOVA HOME HEALTH, LLC, *et al.,*<br>      Defendants | No. 1:23-cv-00264 |

## JOINT PROPOSED DISCOVERY PLAN

    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's May 11, 2023 initial scheduling order ("Order"), the parties hereby jointly submit their proposed Discovery Plan. As directed by the Court, the parties conferred to consider claims, defenses, possibilities of a prompt settlement, trial before a magistrate judge, to arrange for disclosures as required by Rule 26(a)(1) and to develop the Discovery Plan in this matter.

    1.      Nature of the Action: This is an action under the Equal Pay Act of 1963 (29 U.S.C. § 206(d)), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) and Title I of the Civil Rights Act of 1991 (42 U.S.C. § 1981 *et seq.*). Plaintiff EEOC alleges that Defendants Inova Home Health, LLC ("IHH") and Alternate Solutions Health Network, LLC ("ASHN") subjected a group[1] of female Post-Acute Care Coordinators ("PACCs") to discrimination in their wages or compensation. See ECF No 1. EEOC has identified three women as aggrieved individuals for whom it seeks specific damages – Karen Kolb, Julie Torres and Imani Newbill - and may identify more in the course of discovery.

    2.      Magistrate Judge: Both parties do not consent to proceed before a magistrate judge.

    3.      Settlement and Mediation: The parties have initiated settlement communications. To the extent the parties believe mediation would aid in their efforts, they will so notify the Court and seek referral to a magistrate judge for a settlement conference.

    4.      Serving and Filing of Pleadings and Documents: The parties agree that filing and notice via the Court's ECF system constitutes service for all filed documents.

---

[1] EEOC is statutorily authorized to bring actions seeking relief for a group or class of individuals and does so without being subject to the requirements of Rule 23. Gen. Tel. Co. v. EEEOC, 446 U.S. 318, 324, 100 S. Ct. 1698, 1703 (1980) ("…the EEOC need look no further than § 706 for its authority to bring suit in its own name for the purpose, among others, of securing relief for a group of aggrieved individuals. Its authority to bring such actions is in no way dependent upon Rule 23,…").

5. Completion of Discovery: The parties seek modification to the Court's Order setting September 15, 2023, as the discovery deadline and propose November 15, 2023, as the date by which discovery must be completed.  The parties jointly seek extension of the discovery period and believe good cause exists given the group-wide nature of the allegations in this action. As noted above, there are presently three identified alleged aggrieved individuals, and through discovery EEOC may identify more female PACCs for whom it may seek relief.  In addition to finalizing the group of aggrieved individuals, the parties must collect, review and produce responsive material and conduct other appropriate discovery as to such persons.  The parties submit that there is good cause for adoption of the discovery deadline proposed.  The other deadlines proposed in this discovery plan presume November 15, 2023, as the discovery deadline.

6. Amendment and Joinder of Parties: The parties propose that any motion to seek joinder of parties or amendment of the pleadings shall be filed by June 30, 2023.

7. Service of Discovery – Discovery requests, responses and/or objections may be served by e-mail.  The Parties are negotiating a discovery agreement addressing service of discovery and production of responsive material.

8. Initial Disclosures: The parties shall serve Initial Disclosures pursuant to Fed. R. Civ. P 26(a)(1) on or before June 2, 2023.

9. Fact Depositions: The parties acknowledge that, per the Court's Order, each party is permitted to take up to five (5) non-party, non-expert witness depositions.  For purposes of this limitation only, the parties agree that depositions of Defendants' current employees shall be considered party depositions. Given the nature of the allegations and groupwide discrimination alleged, the parties anticipate they may need more than (5) non-party, non-expert depositions, and the respective party will request leave from the Court if such a need arises. The parties propose that local counsel need not appear at depositions. The parties also intend to conduct some depositions remotely and are negotiating a discovery agreement establishing protocols for remote depositions.

10. Interrogatories: The parties do not anticipate they will need to serve more than thirty (30) interrogatories on each party but reserve the right to seek leave of the Court should more be required.

11. Requests for the Production of Documents: The parties agree that the exchange of written requests for the production of documents and responses will be conducted pursuant to Fed. R. Civ. P. 34 and all applicable Local Civil Rules.

12. Requests for Admissions: The parties agree that written requests for admission are governed by Fed. R. Civ. P. 36 and all applicable Local Civil Rules.

13. Expert Witnesses: Pursuant to Local Rule 26(D)(1), the parties propose the following schedule for identification of expert witnesses. The parties will disclose any experts to be called to testify at trial and will otherwise comply with Fed. R. Civ. P. 26(a)(2) by September

1, 2023, and the parties will disclose rebuttal experts to be called to testify at trial and otherwise comply with Fed. R. Civ. P. 26(a)(2) by October 2, 2023.

14. Subpoenas: The parties agree that any party intending to serve a subpoena on a third party will, absent exigent circumstances, provide the other party with at least seven (7) days' advance notice of the intent to serve the subpoena. Such notice will include a copy of the subpoena, attachments to the subpoena, and other materials to be sent to the third-party being subpoenaed regarding their obligations in responding.

15. Disclosure or Discovery of Electronically Stored Information: The parties agree that this case involves the request for and production of electronically stored information (ESI) from numerous sources. The parties have initiated conferral regarding ESI and are negotiating a discovery agreement establishing protocols for the identification of sources of ESI, the collection and review of ESI, and the production of ESI. The parties will continue to confer over ESI matters.

16. Claims of Privilege and Protection of Trial Preparation Materials: The parties are negotiating a discovery agreement establishing protocols for the assertion of claims of privilege, for privilege logs, and for the inadvertent production of privileged material pursuant to FRE 502(e).

17. Summary Judgment: The parties agree that Fed. R. Civ. P. 56 and Local Civil Rules 56 and 7 govern motions for summary judgment. The parties propose the deadline for either or both to file affirmative summary judgment motions be December 8, 2023.

18. Final Pretrial Conference: The parties seek modification of the Court's Order and propose December 8, 2023 - or such other date following completion of discovery as is convenient for the court - for the final pretrial conference. The parties will comply with all instructions outlined in the Court's Order regarding the final pretrial conference.

19. Exchange of Exhibit and Witnesses Lists: The parties defer to the Court's Order, which requires the filing of Rule 26(a)(3) disclosures, witness and exhibit lists, and a stipulation of uncontested facts, on or before the final pretrial conference. Copies of exhibits must be exchanged prior to the final pretrial conference, with any objections to exhibits filed within 10 days after the conference. The parties will comply with all instructions outlined in the Court's Order regarding the final pretrial conference and shall exchange proposed uncontested facts sufficiently in advance of the final pretrial conference to permit consideration and agreement as to a joint stipulation of uncontested facts.

20. Waiver of Initial Pretrial Conference: In light of counsels' agreement with the foregoing proposed discovery plan, the parties respectfully request that the Court waive the Initial Pretrial Conference set for June 14, 2023, before Magistrate Judge Davis. Alternatively, should the Court find an initial pretrial conference warranted, the parties request that the Conference be conducted via teleconferencing or other remote means.

21.     Right to Seek Modification: The parties reserve the right to seek modification of this plan, either individually or jointly, for good cause.

Respectfully Submitted,

| For EEOC: | For Inova Home Health, LLC and Alternate Solutions Health Network, LLC: |
|---|---|
| /s/ Maria L. Morocco<br>Maria L. Morocco, Esq.<br>Assistant Regional Attorney<br>VA Bar ID 94043<br><br>/s/ Thomas Rethage<br>Thomas Rethage, Esq.<br>Trial Attorney<br>*Pro Hac Vice*<br>U.S. EEOC | /s/ Stephen Seasly (w/perm)<br>Stephen Seasly, Esq.<br>Hahn Loeser & Parks, LLP<br><br>/s/ Andrew Wolf (w/perm)<br>Andrew Wolf, Esq.<br>Hahn Loeser & Parks, LLP<br><br>/s/ David D. Hudgins (w/perm)<br>David D. Hudgins<br>Hudgins Law Firm |

CERTIFICATE OF SERVICE

      I hereby certify that on June 5, 2023, I caused a true and correct copy of the foreign Joint Proposed Discovery Plan to be filed with the court's CM/ECF system, which causes a notification of filing to be served upon the parties and/or their counsel of record.

/s/ Thomas D. Rethage
Thomas D. Rethage
U.S. EEOC
