IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>v.<br><br>INOVA HOME HEALTH, LLC;<br>ALTERNATE SOLUTIONS HEALTH NETWORK, LLC<br><br>Defendants | ) | No. 1:23-cv-00264<br><br>CONSENT DECREE |

INTRODUCTION AND FINDINGS

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), against Inova Home Health, LLC ("IHH") and Alternate Solutions Health Network, LLC ("ASHN" (hereinafter collectively "Defendants"), alleging that Defendants violated Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Sections 6(d)(1) and 15(a)(2) of the Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying certain female employees lower wages than were paid to one or more male comparators for performing equal work.

The Commission and Defendants desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in this Consent Decree ("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of Title VII and the EPA. This Decree does not constitute an adjudication on the merits of the Commission's claims, and it does not constitute an admission of liability by Defendants. Defendants expressly deny liability for any and all claims brought by the Commission in this

litigation. The terms of the Decree are the product of joint negotiation and are not to be construed as having been authored by any one party. Defendants agree and stipulate that the Commission has named all necessary parties in this action, Defendants have the authority and capacity to provide in full the monetary, injunctive and other relief required by the Decree, and that IHH and ASHN are jointly and severally liable for the obligations and/or relief required of one or both herein. Defendants agree and stipulate that all monetary relief to be provided in accordance with the Decree is a debt owing to and collectible by the United States.

The Parties stipulate that this Court has jurisdiction over the Parties, the subject matter of the action, and enforcement of the Decree. The Parties further stipulate that this Court has the authority to enter and to enforce the Decree and that the Decree is final and binding upon the Commission and upon Defendants and their agents, officers, members, employees, successors, and assigns.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, Title VII, and the EPA. The Court further finds that it has jurisdiction over the Parties and the subject matter of this action. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED AND DECREED:**

## DEFINITIONS

A. "Defendants" shall mean collectively Inova Home Health, LLC, Alternate Solutions Health Network, LLC, and each such entity's owners, members, directors, officers, employees, successors, assigns, agents and all persons and entities in active concert therewith.

B. "Commission" shall mean the U.S. Equal Employment Opportunity Commission.

C. "Compensation" shall be defined consistent with Section 703(a)(1) of Title VII, applicable regulations, and controlling case law.

D. "Effective Date" shall mean the date on which this Decree is entered by the Court.

E. "Equal Work" shall be defined consistent with the EPA, applicable regulations and controlling case law.

F. "Parties" shall mean collectively Defendants and the Commission.

G. "Wages" shall be defined consistent with the EPA, applicable regulations and controlling case law.

H. "Post-Acute Care Coordinators" or "PACCs" shall mean persons working for Defendants in the PACC position within the Inova Health System and/or performing PACC duties anywhere within the Inova Health System.

## GENERAL PROVISIONS

1. This Decree shall remain in effect for two years from the Effective Date.

2. This Decree shall apply to all of Defendants' facilities, work locations and operations within the Inova Health System.

3. All time periods specified in this Decree shall be computed in accordance with Fed. R. Civ. P. 6(a)(1).

4. If one or more provisions of this Decree are adjudicated to be unlawful or unenforceable, the Parties shall engage in reasonable efforts to amend the Decree in order to preserve or effectuate, in a lawful manner, the purpose or intent of the conflicting provision. In any event, all other provisions of the Decree shall remain in full force and effect.

5. The Parties shall each bear their own attorneys' fees and costs incurred in connection with the action.

6. Defendants shall provide written notice, prior to any sale, merger or transfer of assets, to the purchaser or transferee, and to any other potential successor, of the existence of and allegations in this action and of the contents of the Decree, along with a copy of the Complaint and this Consent Decree.

7. When this Decree requires the submission of records, notices, reports or other documents or information to one or both Parties, such submission shall be deemed served on the date it is actually received. Unless otherwise specified by the receiving Party, service of documents and information shall be by certified or electronic mail:

   a. If to EEOC: Thomas D. Rethage, EEOC Senior Trial Attorney, 801 Market St., Suite 1000, Philadelphia, PA 19107, thomas.rethage@eeoc.gov - or such other person as EEOC shall designate.
   
   b. If to Defendants: Steven E. Seasly and Andrew J. Wolf, Hahn Loeser & Parks, LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, sseasly@hahnlaw.com, awolf@hahnlaw.com – or such other person as Defendants shall designate.

## CLAIMS RESOLVED

8. This Decree resolves the claims asserted by the Commission in the Complaint in this action, through the date of entry of the Decree.

9. Upon approval and entry of the Decree, the Court shall dismiss the action with prejudice while retaining jurisdiction over the Decree and to resolve any claims or disputes concerning implementation, enforcement, or amendment of the Decree and to enter any order, judgment or agreement related to the same.

10. Nothing in this Consent Decree shall affect, limit, or infringe the Commission's authority to file, investigate and process charges of discrimination against Defendants or to commence civil actions against Defendants for claims not resolved by this Decree.

NON-DISCRIMINATION

11. Defendants are enjoined from engaging in sex-based discrimination in violation of Title VII or the EPA, and are specifically enjoined from causing or permitting:

a. The payment of wages to an employee of one sex that is less than the wages paid to one or more employees of the opposite sex for jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, unless such wage differentials are based on factors other than sex, as defined by applicable law; and/or

b. The making of adverse, unequal or biased compensation decisions based on sex.

12. Defendants are further enjoined from retaliating against any individual for asserting his or her rights under Title VII or the EPA, or otherwise engaging in protected activity, such as by complaining of or opposing discrimination, filing a complaint or charge, or participating in or giving testimony or assistance with an investigation or litigation.

MONETARY RELIEF

13. Within thirty (30) days of receipt of an executed copy of the Specific Release attached hereto as Exhibit A or fourteen (14) days after the Effective Date, whichever is later, Defendants shall pay Karen Kolb damages totaling $29,979.24, in the amounts and forms specified below:

a. Back pay: $6,623.81 which constitutes back pay. This amount will be classified as wages and will be subject to withholdings and payroll taxes. Defendants' employer-side taxes and required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the back pay payment. Defendants shall report the back pay payment to Kolb and the IRS via an IRS Form W-2.

b. Interest on Back pay: $107.81, which constitutes interest on backpay. This payment will be classified as non-wage damages, will not be subject to withholdings, and will be paid in one lump sum. Defendants shall report such non-wage payment to Kolb and the IRS via an IRS Form 1099-MISC.

    c. Section 1981a Damages: $23,247.62 which constitutes damages under 42 USC § 1981a. This payment will be classified as non-wage damages, will not be subject to withholdings, and will be paid in one lump sum. Defendants shall report such non-wage payment to Kolb and the IRS via an IRS Form 1099-MISC.

    d. The required payments shall be made by checks delivered via certified or express overnight mail or another method capable of being tracked at the address to be provided by EEOC.

14. Within thirty (30) days of receipt of an executed copy of the Specific Release attached hereto as Exhibit A or fourteen (14) days after the Effective Date, whichever is later, Defendants shall pay Julie Torres damages totaling $39,599.60, in the amounts and forms specified below:

    e. Back pay: $13,146.00 which constitutes back pay. This amount will be classified as wages and will be subject to withholdings and payroll taxes. Defendants' employer-side taxes and required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the back pay payment. Defendants shall report the back pay payment to Torres and the IRS via an IRS Form W-2.

    f. Interest on Back pay: $161.60 which constitutes interest on backpay. This payment will be classified as non-wage damages, will not be subject to withholdings, and will be paid in one lump sum. Defendants shall report such non-wage payment to Torres and the IRS via an IRS Form 1099-MISC.

    g. Section 1981a Damages: $26,292.00 which constitutes damages under 42 USC § 1981a. This payment will be classified as non-wage damages, will not be subject to withholdings, and will be paid in one lump sum. Defendants shall report such non-wage payment to Torres and the IRS via an IRS Form 1099-MISC.

    h. The required payments shall be made by checks delivered via certified or express overnight mail or another method capable of being tracked at the address to be provided by EEOC.

15. Within thirty (30) days of receipt of an executed copy of the Specific Release attached hereto as Exhibit A or fourteen (14) days after the Effective Date, whichever is later, Defendants shall pay Imani Newbill damages totaling $36,345.29, in the amounts and forms specified below:

   i. Back pay: $12,064.50 which constitutes back pay. This amount will be classified as wages and will be subject to withholdings and payroll taxes. Defendants' employer-side taxes and required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the back pay payment. Defendants shall report the back pay payment to Newbill and the IRS via an IRS Form W-2.

   j. Interest on Back pay: $151.79, which constitutes interest on backpay. This payment will be classified as non-wage damages, will not be subject to withholdings, and will be paid in one lump sum. Defendants shall report such non-wage payment to Newbill and the IRS via an IRS Form 1099-MISC.

   k. Section 1981a Damages: $24,129.00 which constitutes damages under 42 USC § 1981a. This payment will be classified as non-wage damages, will not be subject to withholdings, and will be paid in one lump sum. Defendants shall report such non-wage payment to Newbill and the IRS via an IRS Form 1099-MISC.

   l. The required payments shall be made by checks delivered via certified or express overnight mail or another method capable of being tracked at the address to be provided by EEOC.

16. Within three (3) days of such payments, Defendants shall send a photocopy of each check, along with a photocopy of the certified mail receipts or other documentation of delivery, to the Commission.

17. Within fourteen (14) days of the Effective Date, or by July 9, 2023, whichever is later, and provided they are employed by Defendants to perform PACC duties in the Inova Health System as of such later date, Defendants shall raise Julie Torres' and Imani Newbill's base salary

to $92,185 (or hourly equivalent as applicable) to correspond with that paid to Charles Palting, and such claimants shall remain eligible for any merit raise, bonus or other wage or compensation increases otherwise available to PACCs who work in the Inova Health System.

NON-MONETARY RELIEF

Policy

18. Within thirty (30) days from the Effective Date, Defendants shall develop and adopt a revised non-discrimination policy. Employees shall be advised of the adoption of the revised policy, which will be made available to all employees via ServiceNow and specifically referenced as part of the employee handbook or manual. This policy shall clearly and affirmatively state and explain:

a. the protected characteristics under applicable employment laws (including sex), and Defendants' duty to comply with anti-discrimination laws and its commitment to equal employment opportunities;
b. the prohibition on discrimination or harassment on the basis of protected characteristics;
c. that the prohibition on discrimination includes discrimination in wages, benefits or other forms of compensation;
d. the definition of protected activity, with examples, and the prohibition on retaliation for engaging in protected activity;
e. a clear and effective procedure for making and investigating complaints of discrimination or harassment, specifying the responsible individuals/departments and their contact information, investigative steps to be taken, and the documentation to be provided to the complainant concerning the outcome of the complaint and investigation;
f. that the identity of an individual who submits a complaint or a witness who provides information regarding a complaint will be kept confidential to the extent possible;


    g. that all employees who have experienced, witnessed or acquired information about discrimination or harassment (as to themselves or another employee) should report the harassment; and

    h. a requirement that Defendants shall ensure that appropriate corrective action will be taken when discrimination or harassment is found to have occurred.

19. Within thirty (30) days from the Effective Date, Defendants shall revise their current compensation policy. Employees shall be advised of the adoption of the revised policy, which will be made available to all employees via ServiceNow and specifically referenced as part of the employee handbook or manual. This policy shall, *inter alia*, clearly and affirmatively state that:

    a. no decisions about wages, bonuses, benefits or other forms of compensation will be made on the basis of any protected characteristic, including sex;

    b. the company will not pay wages, bonuses, benefits or other forms of compensation to employees of one sex at a rate less than that paid to one or more employees of the opposite sex for jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, unless such compensation is based on factors other than sex, as defined by applicable law;

    c. employees are not prohibited from inquiring about or discussing their compensation;

    d. the company has a policy for considering and providing internal equity pay adjustments, including to eliminate pay disparities; and

    e. the process for making requests for equity pay adjustments and/or complaints concerning alleged discrimination in wages or other forms of compensation, including through the company's revised anti-discrimination policy complaint procedure.

20. Within ten (10) days of compliance with Paragraphs 18 and 19, Defendants shall provide the Commission with a copy of the revised anti-discrimination and fair compensation policies and updated employee manual, and a certification that the revised policies have been

distributed as required, and a description of the method of dissemination to current employees and confirmation of receipt.

21. Defendants shall provide a copy of the revised anti-discrimination and fair compensation policies and updated employee manual accessible to all employees hired after the entry of this Decree.

22. Within thirty (30) days from the Effective Date, Defendants shall review and revise any policies that conflict with the requirements of this Decree and/or the new or revised non-discrimination and fair compensation policies as described above.

   a. This includes but is not limited to revising the Confidential Information policy to clarify that the policy does not prohibit employees' discussion of their salary, benefits or other compensation.

23. During the term of the Consent Decree, any proposed amendments to Defendants' anti-discrimination, wage and salary or related policies must be provided to the Commission at least thirty (30) days prior to their proposed effective date and must be consistent with this Decree.

<u>Training</u>

24. Within ninety (90) days from the date of entry of the Decree, Defendants shall provide no less than three (3) hours of live, interactive training for all of Defendants' managers, Human Resources officials, and any persons involved in setting or changing employee wages or compensation or receiving or processing employee discrimination complaints or requests for internal equity adjustments. This training shall be live (remote or in-person) and provided by an outside lawyer or human resources professional with expertise in anti-discrimination laws and pay equity. The training shall include written materials and interactive segments that cover, *inter alia*, discussions of workplace discrimination and harassment prohibited by federal law, including

discrimination in wages or compensation based on sex under Title VII and the EPA, as well as the content and administration of Defendants' revised anti-discrimination and fair compensation policies. The training shall also address the job-related factors or considerations to be applied by decision-makers when setting or changing wages or compensation and issues of pay equity. The training shall further address the participant's roles/responsibilities in receiving or processing pay or discrimination complaints and the processes for assessing or administering internal equity adjustments.

25. Within ten (10) days of compliance with Paragraph 24, Defendants shall provide the Commission with a copy of the training materials used, the date and time of the training, and the names and positions of all employees attending the training.

26. Defendants shall provide the training described in Paragraph 24 to all persons newly hired or promoted into any position covered by that paragraph within twenty-one (21) days. Such training may be pre-recorded from the initial live training session.

Audit

27. Within ninety (90) days of the Effective Date, Defendants shall complete an internal sex-based pay equity audit for PACCs who work within the Inova Health System. This audit shall include, *inter alia:*

a. assessment of the wage and compensation structure and policies applicable to the PACC position in the Inova Health System and any policies or guidance governing the setting or changing of wages or compensation;

b. systems for explanation, oversight or review of PACC wage and compensation decisions and alignment of such decisions in the Inova Health System;

    c. collection of relevant demographic and employment data for PACCs who work in the Inova Health System;

d. collection of initial and continuing wage and compensation data for PACCs in the Inova Health System;

e. analysis of the relevant demographic, employment and wage and compensation data and identification of pay disparities (initial and/or continuing) between persons of the opposite sex;

f. assessment of the existence and nature of particular pay disparities and whether each is demonstrably attributable to consistent, job-related, and contemporaneously relied upon factors other than sex;

g. proposed corrective measures, including:

   i. upward adjustment in specific incumbent PACCs' wages and compensation to eliminate improper disparities in the Inova Health System; and

   ii. revisions to pay-related policies, practices, guidance or training to prevent improper disparities and promote pay equity.

The audit will include preparation of a report detailing the persons responsible for conducting the audit and preparing the report, and the actions taken, the data compiled, analysis completed, findings made, and corrective measures proposed and undertaken as part of the audit. A copy of the audit report will be provided to EEOC.

Notice Posting

28. Within ten (10) days after the Effective Date, Defendants shall post, in all places where notices to employees are customarily posted at all Defendants' work locations where PACCs who work within the Inova Health System are employed, the Notice attached hereto as

Exhibit B. The posting of the Notice must be maintained for the life of the Decree with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendants shall ensure that new, readable copies of the Notice is posted in the same manner as heretofore specified.

29. Within ten (10) days of compliance with Paragraph 28, Defendants shall provide the Commission with a copy of the signed Notice and a certification that such documents have been posted as required, and a statement of the location(s) and date(s) of posting. Defendants shall provide additional certification on an annual basis corresponding with the Effective Date for the duration of the Decree.

COMPLIANCE MONITORING

30. During the term of the Consent Decree, the Commission is authorized to monitor compliance with the Decree, which may occur through inspection of Defendants' premises after seven (7) days' notice, attendance or observance of events required by the Consent Decree, interviews with Defendants' employees or representatives, production and inspection of Defendants' records, and other investigatory techniques provided for under 42 §§ U.S.C. 2008e-8, 2000e-9, the EPA, or the Commission's regulations. The Commission shall inform counsel for the Defendants of activities undertaken by this section involving inspection of Defendants' premises, requests for records or information from Defendants, and/or interviews of Defendants' current constituents as described by Va. Rule of Professional Conduct 4.2, and afford Defendants the opportunity to be represented by counsel in such activities. The Parties shall work collaboratively to minimize business disruptions incurred by Defendants as a result of compliance monitoring activities to the extent possible.

31. During the term of the Consent Decree, Defendants shall, within thirty (30) days of receiving a complaint or allegation of sex-based discrimination in wages or compensation, provide EEOC with a report and records concerning such complaints. This shall include:

a. the full name, position, work location and last known contact information for the person making the complaint and the person alleged to have committed or be responsible for the discriminatory conduct;
b. the date, content and nature of the complaint, manner in which the complaint was made, and the name and position of the person to whom it was made;
c. Defendants' actions in response to the complaint, status and results of any investigation and person(s) responsible for conducting the investigation or response;
d. all documents received, created, or compiled as part of the complaint or investigation process or otherwise relating to same; and
e. supplemental information or records where the complaint, investigation or response is ongoing.

DISPUTE RESOLUTION

32. Upon motion of the Commission or Defendants, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Each party shall bear its own costs, expenses and attorneys' fees incurred in connection with such compliance action, unless this Court should determine that shifting fees or costs is an appropriate sanction in such proceedings.

EEOC Reporting Requirements Under IRC Sections 162(f) and 6050X

33. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

a. ASHN's EIN is: 26-1643545; IHH's EIN is 83-0620626. The individual to whom the EEOC should mail copies of the form 1098-F to Defendants, if the EEOC is required to issue one is: Alternate Solutions Health Network. LLC, Attn: Jenna Whipp, 1050 Forrer Blvd., Kettering, OH 45420.

b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

**SIGNATURES AND ENTRY**

The undersigned affirm their authority to sign on behalf of their respective party and hereby consent to the entry of the foregoing Consent Decree.

**FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

/s/ Debra M. Lawrence

Debra M. Lawrence
Regional Attorney

/s/ Maria L. Morocco

Maria L. Morocco
Assistant Regional Attorney
Va. Bar No. 94043

/s/ Thomas D. Rethage

Thomas D. Rethage
Senior Trial Attorney
U.S. EEOC
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107-3127
Phone: (267) 589-9756
thomas.rethage@eeoc.gov

**FOR DEFENDANT INOVA HOME HEALTH, LLC**

Everett E. Neal

Everett Neal
President

**FOR DEFENDANT ALTERNATE SOLUTIONS HEALTH NETWORK, LLC**

Everett E. Neal

Everett Neal
President

**IT IS SO ORDERED:**

Signed and entered this 12th day of July, 2023.

Patricia Tolliver Giles

Hon. Patricia Tolliver Giles
United States District Judge